IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT SCOTT PHILPOTT                                                               PLAINTIFF

        v.                           Civil No. 08- 2131

THE UNITED STATES OF AMERICA;
DRUG ENFORCEMENT AGENCY (DEA);
UNITED STATES SECRET SERVICE;
FEDERAL BUREAU OF INVESTIGATION (FBI);
FEDERAL BUREAU OF NARCOTICS;
UNKNOWN NAMED AGENTS;
UNITED STATES COURTHOUSE;
UNKNOWN NAMED DEFENDANTS;
UNITED STATES ARMY;
STATE OF ARKANSAS; STATE
TROOPER'S OFFICE; ARKANSAS
DEPARTMENT OF COMMUNITY
CORRECTIONS, PAROLE OFFICE;
CITY OF FORT SMITH; FORT SMITH
POLICE DEPARTMENT; SEBASTIAN
COUNTY SHERIFF'S DEPARTMENT;
UNKNOWN NAMED OFFICERS; and the
SEBASTIAN COUNTY COURTHOUSE                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Scott Philpott filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for a determination of whether service of process should issue.

**Background**

The complaint in this case is difficult to follow. It consists largely of paragraphs of citations to various statutory laws, case law, definitions, quotations, etc., having to do with the illegal use

-1-

of pen registers, the invasion of privacy, the Fourth Amendment, confession, eavesdropping, tracking devices, and warrantless monitoring.

In 2003, Philpott alleges a white female described as approximately 5'10" tall and having long brownish red hair left three pair of the pen register/trap and trace tracking devices at the residence located at 3915 Mussett Road in Ft. Smith, Arkansas with a man, Danny Rankins, or they were left by him. Philpott alleges the devices have been on and used illegally since then and without a doubt have been used since January 2006. Philpott alleges he has been slandered by officials saying he was wearing a wire making him an informant when he was not.

Philpott alleges these devices and the breaking of the statutes and the United States Constitution have caused him personal injury. He asserts that these actions violate the statutory authorization for such devices, Ark. Code Ann. § 5-60-120 and 18 U.S.C. §§ 3122-3127. Philpott maintains these devices cannot be used for a period exceeding sixty days.

## Discussion

Philpott's claims are subject to dismissal. First, with respect to the federal defendants, we construe Philpott to be attempting to bring claims under *Bivens*. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the United States Supreme Court allowed a plaintiff to seek money damages from federal officials for alleged violations of rights secured by the Constitution and laws of the United States. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir. 1990).

While a *Bivens* claim allows a plaintiff to seek redress against federal actors for civil rights violations, the Supreme Court has held that a plaintiff has no *Bivens* cause of action

against federal agencies, the United States, or public officials acting in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994). Philpott, therefore, has no *Bivens* action against the United States, the DEA, the Secret Service, the FBI, and any agents of those entities in their official capacities.

Second, the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

Third, this complaint is subject to dismissal on *res judicata* grounds. Philpott filed a prior civil action based on the same claims, *Philpott v. Barnett, et al,* Civil No. 07-2074. While a dismissal under 28 U.S.C. § 1915(d) "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(d) dismissal has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994). Accordingly, the dismissal of 07-2074 has res judicata effect and establishes that this claim is frivolous for § 1915(d) purposes. *Id.*

## Conclusion

I therefore recommend that this case be dismissed on the grounds the claims asserted are frivolous, fail to state claims upon which relief can be granted, and the defendants are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Philpott has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**AO72A**
**(Rev. 8/82)**

**may result in waiver of the right to appeal questions of fact. Philpott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of March 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE